### UNITED STATES v. PAVY.

(District Court, E. D. New York. January 26, 1912.)

ALIENS (§ 57*)—DEPORTATION—ESCAPE FROM VESSEL—LIABILITY OF CAPTAIN.

    Where an alien was placed on a vessel for deportation at a time when the captain was absent, and thereafter escaped before the captain's return, either through the culpability of the watchmen or through lack of proper care by those in charge of the ship, but there was no proof of facts indicating that the captain deliberately or intentionally failed to take proper precautions, he was not subject to prosecution for violation of the deportation laws.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 114; Dec. Dig. § 57.*]

Proceeding by the United States against Lucas Pavy, whose correct name is Francois Pavy, as the captain of a vessel, for the escape of an immigrant delivered to the vessel for deportation. Dismissed.

Wm. J. Youngs, U. S. Atty., and Wm. P. Allen, Asst. U. S. Atty. Wallace, Butler & Brown (Mr. Brown, of counsel), for defendant.

CHATFIELD, District Judge. The evidence shows that the defendant, who has been indicted, was not present at the time the alien in question was put aboard or escaped from the vessel. It appears that the alien had been ordered deported within the period prescribed by statute; that this alien had been brought to this port upon another ship of the same line to which this vessel belongs; that this alien was placed upon the vessel by direction of the immigration authorities in a proper manner under the law, and was received by a person in charge of the vessel; that at the time the escape occurred that person in charge was still in authority; that the captain of the vessel subsequently returned, and found from the officers on the vessel that the alien had been delivered and had escaped, either through the culpability of the watchmen or through the lack of proper care by those in charge of the ship.

It would be possible, under certain circumstances, to hold the captain, even under this criminal statute for neglect, if that neglect were

such as to make evasion of this statute intentional, or such as to indicate that he deliberately failed to take the proper precautions for compliance therewith, even if the precise matter had not been brought to his attention, or had arisen in his absence. In the present case there is no evidence whatever upon which such a charge could be based. I consider that, as in the Hackfeld Case (H. Hackfeld & Co. v. United States, 197 U. S. 442, 25 Sup. Ct. 456, 49 L. Ed. 826), the question as to whether the captain can be held responsible for the lack of care cannot arise upon this testimony. The words "master, person in charge, agent, owner, or consignee" are in the alternative, and refer to the particular party who is responsible. If the present evidence were submitted to the grand jury, an indictment, according to the testimony presented, could only be drawn for the offense charged in this indictment against the persons who were guilty of negligence, and on this testimony it could not be the captain.

Therefore I shall direct a verdict of acquittal as against the captain, and without thereby passing upon the possible culpability of any other person.